WORKERS' COMPENSATION FUND,
Appellant Below, Appellant,

v.

TRANSPORT SERVICES, INC.,
Appellee Below, Appellee.

No. 202, 2002.

Supreme Court of Delaware.

Submitted: Nov. 19, 2002.
Decided: Dec. 12, 2002.

James J. Hanley, Deputy Attorney General, Department of Justice, Wilmington, for Appellant.

H. Garrett Baker, Elzufon, Austin, Reardon, Tarlov & Mondell, Wilmington, for Appellee.

Before VEASEY, Chief Justice, WALSH, and HOLLAND, Justices.

WALSH, Justice:

In this appeal from the Superior Court, we address a question of first impression— whether an employer may secure reimbursement from the Worker's Compensation Fund (the "Fund"), established pursuant to 19 *Del. C.* § 2327, for payments to a previously injured employee who sustains a subsequent injury rendering him a displaced worker. The Superior Court ruled that such benefits were reimbursable. We agree that the statute establishing the "second injury fund," when given a construction consonant with its intended purpose, permits payment to a subsequently injured displaced worker. Accordingly, we affirm.

## I

The present dispute arises from a series of job-related injuries sustained by Lee Wood ("Wood") while in the employ of the appellee, Transport Services, Inc. ("Employer"). Wood was injured in 1973 and again in 1985 but was able, with certain restrictions, to continue working as a truck driver. Wood was involved in a third accident in 1992 which aggravated back and neck injuries sustained in the prior accidents.

▮ Medical evidence presented to the Industrial Accident Board (the "Board") confirmed that Wood, after the third accident, in 1992 was no longer able to work in his normal occupation. Moreover, in view of his age and limited reading and writing ability, Wood was unsuited for any sedentary occupation. He was thus declared to be totally disabled as a displaced worker.[1]

▮ Although the Employer's worker's compensation insurance carrier paid Wood total disability benefits for a time, after it concluded that Wood's condition was attributable to a series of accidents, the Employer filed a petition for reimbursement from the Fund as provided by 19 *Del. C.* § 2327.[2] The Fund resisted payment, contending that Section 2327 did not contemplate payment of disability benefits attributable to displaced worker status. The Board initially agreed with this contention but, after considering the analysis of the Superior Court in two orders of remand, eventually authorized payment from the Fund. The Superior Court affirmed the ultimate award of benefits, holding that Wood was qualified for total disability benefits from the Fund as a displaced worker.

1. A "displaced" or "odd lot" worker is one who "while not completely incapacitated for work, is so handicapped by a compensable injury that he will no longer be employed regularly in any well known branch of the competitive labor market and will require a specially-created job if he is to be steadily employed." *Ham v. Chrysler Corp.*, 231 A.2d 258, 261 (1967).

2. 19 *Del. C.* § 2327. Compensation for subsequent permanent injury; special fund for payment.
   (a) Whenever a subsequent permanent injury occurs to an employee who has previously sustained a permanent injury, from any cause, whether in line of employment or otherwise, the employer for whom such injured employee was working at the time of such subsequent injury shall be required to pay only that amount of compensation as would be due for such subsequent injury without regard to the effect of the prior injury. Whenever such subsequent permanent injury in connection with a previous permanent injury results in total disability as defined in § 2326 of this title, the employee shall be paid compensation for such total disability, as provided in § 2324 of this title, during the continuance of total disability, such compensation to be paid out of a special fund known as "Workers' Compensation Fund."

This appeal followed. Our standard of review is *de novo* since the Superior Court's decision turned on the construction of a statute. *See Colonial Ins. Co. v. Ayers*, 772 A.2d 177, 179 (Del.2001) (reviewing Superior Court's construction of the Delaware Uninsured Motorist Act).

## II

■ The Fund argues, consistent with the Board's original conclusion, that Section 2327(a) does not authorize reimbursement from the Fund because a displaced worker is not included in the listing of permanent injuries contained in 19 *Del. C.* § 2326.[3] In rejecting the Fund's argument that a displaced worker does not qualify for benefits under Section 2327 the Superior Court ruled, in effect, that the Board, in evaluating an injured employee's total disability is required to determine, on a case by case basis, whether the disability is a combination of physical and economic factors. If the resulting evaluation renders the employee "permanently injured" and if the permanency is attributable to a subsequent injury, the employer may seek reimbursement from the Fund.

■ In our view, the Superior Court's analysis is correct. As the evolution of the displaced worker doctrine under Delaware law illustrates, the inquiry into whether an injured worker is disabled is not limited to simply determining whether a worker is physically able to work. In *Ham v. Chrysler Corp.*, 231 A.2d 258, 261 (Del.1967), this Court held that in addition to consideration of medical and physical facts, other factors such as "age, education, general background and experience, emotional stability, the nature of the work performable under the physical impairment, and the availability of such work" must be taken

into account in evaluating total disability. The fact that displaced worker status, *per se*, is not listed in Section 2326 is not dispositive of the question of whether total disability exists. As the title to Section 2326 indicates, the section lists compensation for "certain" permanent injuries. As this Court has previously noted, while there is not a specific definition of "total disability" in Section 2326, the General Assembly has vested the Board with "power to determine when there is a total disability" for the purpose of reimbursement under Section 2327. *Spence v. University of Delaware*, 311 A.2d 867, 869 (Del.1973).

We agree with the appellee that the determination of whether a worker is totally disabled requires a focus on whether the injured worker is employable, not simply whether he is physically precluded from work. This approach is consistent with the acknowledged mandate that the worker's compensation statute, as remedial legislation, be construed to implement its beneficial purpose—full and fair compensation to injured workers. While the reimbursement feature of Section 2327, and the present dispute, directly benefits the Employer and its worker's compensation carrier, a restrictive reading of Section 2327's reimbursement policy could have a deterring effect on the willingness of employers to hire, or rehire, workers who have sustained prior injuries. Encouraging such employment is in the interest of all injured workers seeking to rejoin the labor market and, ultimately, is a societal benefit as well.

We conclude that, upon a proper factual showing of physical and economic factors, benefits paid to a displaced worker are reimbursable under the provisions of 19

---

**3.** Section 2326 contains an extensive listing of injuries to various parts of the body as well as "other cases of permanent injury ... when

the usefulness of a member or any physical function is permanently impaired....." 9 *Del. C.* § 2326(d).

*Del. C.* § 2327(a). Accordingly, the judgment of the Superior Court is AFFIRMED.